**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**JOSEPH BIDWELL and**
**AUDRA ILER a/k/a AUDRA**
**BIDWELL,**

**Plaintiffs,**                                          **Civil Action: _____**


**v.**

**ALLSTATE INSURANCE COMPANY,**

 **Defendant,**

_____/

## COMPLAINT

COMES NOW THE Plaintiffs, **JOSEPH BIDWELL and AUDRA ILER a/k/a AUDRA**

**BIDWELL** ("Plaintiffs" or "Insureds"), by and through undersigned counsel, who file this

Complaint, with all allegations made upon present information and belief, against Defendant,

**ALLSTATE INSURANCE COMPANY** ("Defendant" or "Insurer"), on the grounds set forth

below:

## JURISDICTION

1. This action arises under the National Flood Insurance Act, as amended, 82 Stat. 582, 42

   U.S.C. Section 4001, et seq., pursuant to the insurance contract issued to the Plaintiffs by

   Defendant, as hereinafter more fully appears. This action, having arisen under an applicable

   federal statute, namely 42 U.S.C. Section 4072, requires the application of federal law

   pursuant to the general federal jurisdiction provisions of 28 U.S.C. Section 1331.

## VENUE

2. The property made the basis of this action is located at 24570 Redfish St., Bonita Springs, FL 34134 (hereinafter referred to as the "Insured Property"). The insured property is situated in the Middle District of Florida, Fort Myers Division, and venue is proper in this Court pursuant to 42 U.S.C. Section 4072 and 44 C.F.R. Pt. 61, App. A(1), Article VII(R).

## PARTIES

3. Plaintiffs, were, and still are, the owners of the Insured Property at all times material to the allegations set forth in the Complaint.

Defendant, **ALLSTATE INSURANCE COMPANY**, ("Defendant" or "Insurer"), was and is a private flood insurance company which is qualified to do business in the State of Florida. Defendant issued a Standard Flood Insurance Policy (SFIP) to the Plaintiff. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Defendant is responsible for arranging the adjustment, settlement, payment, and defense of all claims arising under the Policy, including this one.

## FACTUAL ALLEGATIONS

5. Defendant issued an insurance policy to Plaintiff, namely, Policy No. 004802203851 or 4802203851 ("Policy"), whereby Defendant agreed to pay the Plaintiff for direct physical loss to the Insured Property caused by or from a "flood" as defined by the Policy. (A true and correct copy of the Policy is attached herein as **Exhibit "A"**).

6. Plaintiffs dutifully paid the premiums charged by Defendant for the coverages afforded pursuant to the terms of the Policy and the Policy was in full force effect on the date of loss.

7. On or about September 28, 2022, the date of loss, the aforementioned Insured Property sustained damage as a result of a covered peril, namely flooding, from Hurricane Ian, which caused substantial property damage and further insured losses.

8. The purportedly covered damages were thoroughly documented by the experts retained by the Plaintiffs, with supporting documentation, including specifications of the damaged dwelling and detailed, accurate repair estimates, were submitted to Defendant.

9. Plaintiffs submitted a claim, Defendant acknowledged the claim, opened coverage, and assigned Claim Number 0686874082 to the claim/loss.

10. Damage, as a result of a flood, was or should have been, if properly evaluated, a covered cause of loss pursuant to the terms and conditions of the Policy so issued.

11. The Proof of Loss detailing the losses was received by Defendant in compliance with the terms of the Policy.

12. Despite multiple attempts by Plaintiffs to move the claim toward resolution, Defendant has repeatedly failed honor its Policy obligations and failed to indemnify Plaintiffs for the losses sustained.

## COUNT I - BREACH OF INSURANCE CONTRACT

13. Plaintiffs adopt and incorporate into this Count, as if fully rewritten herein, all of the allegations set forth in the above paragraphs.

14. Damage, as a result of a flood, was a covered cause of loss pursuant to the terms and conditions of the insurance policy issued by Defendant.

15. Plaintiffs submitted a timely claim to Defendant for the alleged damages and have met all conditions precedent to the filing of a lawsuit, or all conditions precedent have been waived by Defendant.

16. Plaintiffs submitted a factually detailed estimate of the damages and a sworn statement in Proof of loss, outlining a dispute as to the proper actual cash value.

17. Defendant has breached its insurance contract with Plaintiffs by denying or constructively denying Plaintiffs' claims for damages.

18. Defendant has breached its insurance contract with Plaintiffs by failing and refusing to tender all insurance proceeds due and owing because of the purportedly covered loss.

19. Defendant has further breached its insurance contract with Plaintiffs by failing and refusing to properly and fairly adjust all losses with its insured as required by the Policy.

20. As a result of Defendant's breach of insurance contract, as alleged herein, and also as will be demonstrated in discovery, Plaintiffs has been deprived of the full coverage and other benefits afforded under the Policy.

WHEREFORE, Plaintiffs, **JOSEPH BIDWELL and AUDRA ILER a/k/a AUDRA BIDWELL,** prays that after due proceedings are heard, that this Honorable Court enter Judgment in favor of the Plaintiffs and against the Defendant, **ALLSTATE INSURANCE COMPANY** , for all amounts for damages to which it is entitled due to Defendant's breach of the insurance contract, and for such other costs, expenses, and other relief that this Honorable Court may deem to be in accordance with the applicable law, and as may be just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 8, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day upon all counsel of record or pro se parties identified in the following Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

**VishioForry Insurance Lawyers**

*/s/ Garrett William Haakon Clifford, Esq.*
Garrett William Haakon
Clifford, Esq. Fla. Bar
107315 *Attorney for*
*Plaintiff*
1112 Goodlette-Frank Road, Suite 204,
Naples, Florida 34102
(239) 703-7210
(239) 900-1993 (Fax)
service@vishioforry.com
kkelemen@vishioforry.com

Policy Number: 48022038512021

**Allstate.**
You're in good hands.

# FLOOD POLICY DECLARATIONS
## ALLSTATE INSURANCE COMPANY

Standard Policy

**Type:** Revised Declaration
**Policy Period:** 03/25/2021 To 03/25/2022
**Original New Business Effective Date:** 03/25/2010
**Reinstatement Date:**
**Form:** Dwelling

**For payment status, call: (800) 527-2634**
These Declarations are effective
as of: 01/26/2022 at 12:01 AM

---

### Address Info

**Producer Name and Mailing Address:**
REDISH AGENCY
STE 3
12820 TAMIAMI TRL N
NAPLES, FL 34110-1611

**NFIP Policy Number:** 4802203851
**Agent/Agency #:** 19232-41943-000
**Reference #:**
**Phone #:** (239)594-9567

**Insured Name and Mailing Address:**
Iler, Audra & Bidwell, Joseph
24570 REDFISH ST
BONITA SPRINGS, FL 34134-7135

**NAIC Number:** 19232
**Processed by:**
Flood Insurance Processing Center
P.O. Box 2057   Kalispell MT 59903-2057

---

### Property Info

**Property Location:**
24570 Redfish St
Bonita Springs, FL 34134-7135

**Primary Residence:** Y
**Premium Payor:** 1st Mortgagee
**Flood Risk/Rated Zone:** AE     **Current Zone:** 0
**Community Number:** 12 0680 0589 F
**Community Name:** BONITA SPRINGS, CITY OF
**Grandfathered:** No
**Post-Firm Construction**
**Program Type:** Regular

**Building Description:**
Single Family
Three or More Floors
Walkout Basement
Main House

**Newly Mapped into SFHA:**
**Elev Diff:** N/A
**Elevated Building:** Y
**No Addition(s) and Extension(s)**
**Replacement Cost:**      $400,000
**Number of Units:**       1

---

### Coverage & Rating

| Type | Coverage | Rates | Deduct | Discount | Sub Total | Premium Calculation | |
|------|----------|-------|--------|----------|-----------|---------------------|---|
| Building | 250,000 | .750 / .080 | 1,250 | 30- | 1,460.00 | Premium Subtotal: | 598.00 |
| Contents | 100,000 | .380 / .120 | 1,250 | 6- | 272.00 | Multiplier: | |
| Contents | Enclosure and Above | | | | | ICC Premium: | 9.00 |
| Location | | | | | | CRS Discount: | .00 |
| | | | | | | Reserve Fund Assmt: | 313.00 |
| THIS IS AN ELEVATED BUILDING.  COVERAGE IS LIMITED BELOW THE | | | | | | HFIAA Surcharge: | 25.00 |
| LOWEST ELEVATED FLOOR.  SEE PROPERTY NOT COVERED IN STANDARD | | | | | | Federal Policy Fee: | 50.00 |
| FLOOD INSURANCE POLICY. | | | | | | Probation Surcharge: | .00 |
| | | | | | | Endorsement Amount: | .00 |
| **Coverage Limitations May Apply. See Your Policy Form for Details.** | | | | | | **Total Premium Paid:** | 995.00 |

---

### Mortgage Info

**First Mortgage:**
PENTAGON FEDERAL CLAUSE
CREDIT UNTION ISAOA ATIMA
PO BOX 100538
FLORENCE, SC 29502-0538

**Loss Payee:**

**Second Mortgage:**

**Disaster Agency:**

---

Refer to www.fema.gov/cost-of-flood for more information about the risk of flooding and how it impacts the cost of flood insurance.

President

Secretary